Date signed March 10, 2009



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In Re: | | |
| DAVID C. RAHN | Case No. | 08-17788DK |
| | Chapter | 7 |
| Debtor(s) | | |
| DAVID C. RAHN | | |
| Plaintiff/Movant(s) | | |
| vs. | Adversary | No. 08-00659DK |
| GEOFFREY YOUNG | | |
| Defendant/Respondent(s) | | |

## MEMORANDUM OF DECISION

Plaintiff, David C. Rahn, commenced this action seeking a determination by this court that indebtednesses allegedly owed by the Debtor/Defendant, Geoffrey Young, are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and 11 U.S.C. §523(a)(6). The complaint was filed in proper person by the Plaintiff and answered in proper person by the Defendant. The trial was held on March 5, 2009.

The Plaintiff's first described basis for a determination of non-dischargeability asserts that a final judgment has been entered by the Circuit Court for Anne Arundel County in an action commenced by Plaintiff against the Debtor before the bankruptcy case was filed. The Plaintiff asserts that the final

judgment forms a basis for preclusion by the doctrine of res judicata or collateral estoppel as to the determination by this court of non-dischargeability.  At trial, this court bifurcated the presentation of evidence and first permitted Plaintiff to introduce evidence concerning the action before the state court. For the reasons set forth on the record by this court at the conclusion of this initial presentation, the court concludes that no "final judgment" was entered by the state court before the commencement of the bankruptcy case and thus there is no basis for either matter preclusion or issue preclusion.

Before further evidence was presented the court informed the Plaintiff that as the complaint filed in this adversary proceeding did not seek a determination of amounts due, or the entry of a money judgment for any such amount, the Court would only decide the matter brought by the complaint, that is the non-dischargeable character of any proven liability.  For the reasons set forth on the record the court denied an oral motion by the Plaintiff to amend the complaint before commencing evidence to include a prayer for a money judgment, finding that such late amendment would work an unfair surprise upon the Defendant.

Thereafter, evidence was taken from a number of witnesses as to the events upon which the Plaintiff asserts that Defendant is liable to the Plaintiff and upon which Plaintiff asserts that such liability is a non-dischargeable debt

After the conclusion of all the evidence, the court announced its findings of facts and conclusions upon the record.  This Memorandum summarizes those findings.  The court finds that Defendant made representations to Plaintiff as to the condition of the premises known as 4536 Owensville Sudley Road, Harwood, MD ("Premises") both in speaking to Plaintiff and in a Maryland Residential Property Disclosure Statement (Plaintiffs Exhibit 1) for the purchase of inducing Plaintiff to purchase the Premises.  Defendant knew at the time that the representations were made to Plaintiff that there was serious rotted deterioration of wall studs which had been covered over by plywood and

2

gypsum board.  The deteriorated wall studs constitute a structural latent defect as defined in Section 10-702 of the Real Property Article of the Md. Ann. Code.  Further Defendant knew that there was defective foundation support below the area of wall containing the rotted wall studs resulting in structural infirmities of that bearing wall (hereinafter after the "Deteriorated Wall and Support." The court further finds that the Defendant knew that work which the Defendant had done to restore, reconfigure and enlarge the dwelling space was done to a substandard condition, not done by professional contractors and not in accordance with building codes.  Such work included the creation or enlargement of apertures through studded walls for doors, pass through, windows, and recessed mirrored cabinets.  Such work also included electrical wiring in those areas of restoration and enlargement, plumbing, roofing and roofing structure, as well as joist work supporting floors.  This work is hereinafter collectively referred to as the "Defective Restoration."

     As stated on the record the court finds that Defendant by omission and commission materially misrepresented the condition of the Deteriorated Wall and Support and the Defective Restoration to the Plaintiff in order to induce Plaintiff to purchase the Premises.  Such misrepresentations included the failure to disclose the defects as required by Section 10-702 of the Real Property Article of the Annotated Code of Maryland, the lack of accurate disclosure on the disclosure form attached to the contract of sale, and oral statements concerning that the work restoration was done by competent professionals.

     The court further finds that the misrepresentations were material and fraudulent and were reasonably relied upon by the Plaintiff in deciding to purchase the Premises.  The Plaintiff has been damaged by the fraudulent inducement into contract as found by this court.

     This court concludes that the causes of action which the Plaintiff has against the Defendant for damages proximately caused by the misrepresentations constitute a non-dischargeable debt pursuant

to 11 U.S.C. § 523(a)(2).[1]

Finally, the court determines that the automatic stay imposed by 11 U.S.C. §362(a)(1), (5) and (6) should be vacated to permit the Plaintiff to proceed in state court for a determination of the damages caused by the described misrepresentations. However, the court does not grant relief from the automatic stay imposed by 11 U.S.C. § 362(a)(3) and (4). The automatic stay will continue to stay any acts by the Plaintiff to exercise control over any property in which an interest is held by the bankruptcy estate, or to create perfect or enforce any lien against property in which the bankruptcy estate holds an interest. As a result, any judgment obtained in state court by the Plaintiff and against the Defendant shall not constitute a lien against property in which the bankruptcy estate holds an interest. An order commensurate with these findings and conclusions shall be entered.

cc:     All Counsel
        All Parties

**End Of Order**

---

[1] For the reasons set forth on the record, the court concludes that no factual basis exists to support a finding that any debt owed to Plaintiff by Defendant is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).